```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| SuperCom Ltd., | |
| --- | --- |
| Plaintiff, | |
| -against- | No. 21 CV 2857 (LAP) |
| Sabby Volatility Warrant Master Fund Ltd., | ORDER |
| Defendant. | |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the parties' letters [dkt. nos. 176-77, 179-80] disputing (1) the valuation of the Warrant as of the date of breach, and (2) the pre- and post- judgment interest rates that should apply to the judgment rendered on Sabby's counterclaim for breach of the SPA and Warrant.  As set forth below, the Court DENIES SuperCom's request to reconsider valuation because it attempts to relitigate already-determined issues.  The Court also finds that prejudgment interest is owed in accordance with New York state law, and post-judgment interest is owed at a rate consistent with the federal calculation set forth in 28 U.S.C. § 1961.

**I.   Valuation of the Warrant.**

In its November 16 letter, SuperCom requested that the Court reconsider valuation of the Warrant based on its allegation that Sabby did not prove waiver of Rule 144.  [Dkt. no. 179.]  The time for litigating underlying merits has long passed; the Court has

already considered the evidence submitted at trial and rendered its Findings of Fact and Conclusions of Law. [See dkt. no. 172.] The only remaining issue before the Court is calculation of the damages.

Even so, the Court notes briefly that Sabby properly exercised its purchase rights, pursuant to section 2(a) of the Warrant, by delivering a Notice of Exercise to SuperCom at the email address prescribed. [Id. ¶ 80.] Sabby was therefore entitled to delivery of shares in two trading days, that is, by close of business on March 23, 2021, after the expiration of which time SuperCom was in breach of contract for failure to honor a valid exercise. [Id. ¶¶ 92, 100.] As the Court already explained, "[i]f Rule 144 paperwork were required, SuperCom could have requested such after exercise of the Warrant and before delivery of the shares . . . . But SuperCom made no such request." [Id. ¶ 81.]

Accordingly, SuperCom's request to reconsider valuation at this stage in the case, that is, after the deadline to submit a proposed form of judgment for damages, is no more than an effort to dredge up old arguments on issues already decided at trial. In any event, SuperCom has failed to point out any fact or law overlooked by the Court. See Loc. Civ. R. 6.3 (requiring a party seeking reconsideration to submit "a memorandum setting forth concisely the matters or controlling decisions which counsel

believes the Court has overlooked"). The request is therefore DENIED.

**II. Pre- and Post-Judgment Interest Rates.**

With respect to the appropriate interest rates, Sabby asserts that New York state law applies to both the pre- and post-judgment interest rates, while SuperCom, unsurprisingly, takes the exact opposite view that federal law should govern both. Neither party is wholly correct.

As the Court of Appeals has held, "state law applies to questions of prejudgment interest on the pendent [state law] claims in an action predicated upon violations of the federal securities laws." Mallis v. Bankers Trust Co., 717 F.2d 683, 692 n.13 (2d Cir. 1983) (citing cases); see also Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 90 (2d Cir. 1998) (holding state law applies to breach of contract claims). Here, the action was removed from state court under federal question jurisdiction based on SuperCom's federal securities law claim. [Dkt. no. 1.] After trial, Sabby prevailed on its state law contract claim: breach of contract arising out of SuperCom's failure to honor Sabby's exercise of the Warrant. [See dkt. no. 172.] Still, SuperCom asks the Court to "exercise its discretion and award prejudgment interest based on the federal rules for post-judgment interest" without offering any justification for such a departure. The Court therefore finds that, in accordance with the law of this Circuit,

3

state law applies to prejudgment interest on Sabby's state law claim.

In contrast, post-judgment interest is calculated in accordance with federal law. The plain language of 28 U.S.C. § 1961 makes clear that "any money judgment in a civil case recovered in a district court" is entitled to the federal interest rate. 28 U.S.C. § 1961(a) (emphasis added). Courts in this Circuit have uniformly applied this rule to judgments rendered in both diversity actions and federal question actions with supplemental state law claims. See, e.g., Cappiello v. ICD Publ'ns, Inc., 720 F.3d 109, 112 (2d Cir. 2013); Goett v. V1 Jets Int'l, Inc., 2021 WL 520421, at *4 n.6 (S.D.N.Y. Feb. 9, 2021).

Moreover, in contrast to Sabby's view that New York state law should apply by the terms of the SPA, the Court of Appeals has made clear that a choice-of-law provision in a contract giving rise to the claim at issue does not supplant this rule. See FCS Advisors, Inc. v. Fair Fin. Co., Inc., 605 F.3d 144, 147-48 (2d Cir. 2010). Rather, the federal rate applies to post-judgment interest notwithstanding such provisions. Accordingly, the Court finds that federal law governs post-judgment interest, and the formula set forth in 28 U.S.C. §1961 shall inform the parties' calculation.

### III. Conclusion.

For the reasons set out above, (1) SuperCom's request that the Court reconsider the valuation of the Warrant [dkt. no. 179] is DENIED; and (2) SuperCom's request that the Court apply federal interest rates to pre- and post-judgment interests [dkt. no. 177], and Sabby's request that the Court apply state interest rates to pre- and post-judgment interests [dkt. nos. 176, 180] are GRANTED in part and DENIED in part.

The parties shall confer, once again, and resubmit a proposed form of judgment, consistent with this order, by no later than December 15, 2023.

**SO ORDERED.**

Dated:    December 4, 2023
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge